765 So.2d 327 (2000)
STATE of Louisiana
v.
James Tildon HARRISON, Sr.
No. 99-K-3352.
Supreme Court of Louisiana.
June 30, 2000.
Denied.
JOHNSON, J., would grant the writ and assign reasons.
TRAYLOR, J., not on panel.
JOHNSON, J., would grant the writ application for the following reasons.
Defendant was convicted of distribution of cocaine and was sentenced to life imprisonment under the habitual offender statute. During jury selection, the state used its peremptory challenges to strike ten African-Americans. The trial court allowed the challenges based upon the fact that the state provided a race-neutral explanation for the challenges. Pursuant to LSA-C.Cr.P. art. 795(C) and Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), neither the state nor the defendant may make any peremptory challenges based solely upon the race of the juror. The state contends that nine of the jurors were stricken because of their testimony that they knew the defendant. However, none of the jurors who stated that they "know" the defendant testified that they had any type of friendship or close relationship with him.
Lincoln Parish is a small, rural parish. Most of its residents, particularly its African-American residents, know, or know of, each other through family or community ties. Although knowledge of a defendant is a sufficient race-neutral reason for the exercise of a peremptory challenge, State v. Jackson, 29,470 (La.App. 2 Cir. 8/20/97), 707 So.2d 990, a simple statement that a potential juror "knows" a defendant, without establishing that the juror has ever had any personal relationship, or at the very least, direct contact, with that defendant, is not sufficient to justify removing that juror from jury service.
*328 I do not believe that a vague acquaintance with a person, or the knowledge of a person's existence in the community, is sufficient to justify dismissal of jurors from the jury panel. Accordingly, I would grant the defendant's writ application and order a new trial.